HOUPT *versus* Adm'rs of SHIELDS.

QUESTION IN THIS CASE.

*The effect of the act of 1806, (exempting the represen-
tative of an estate from suit, within six months af-
ter letters,) on the statute of limitations.*

1. In an action against an administrator, on a claim against the
   estate of his intestate, the period elapsing, between the time
   of grant of letters, and the expiration of the six months, dur-
   ing which he may not be sued; are not to be embraced with-
   in the time relied on, to sustain a plea of the statute of limi-
   tations.

This was an action of assumpsit, in Washington
Circuit Court, by the plaintiff in error, to recover of
the administrators of Shields, for work and labor,
done and performed for the intestate.

The pleas were *non-assumpsit* and the statute of
limitations.   Issue was taken, on the first plea, and
to the last, a replication, that the cause of action had
accrued within three years, six months and nineteen
days, next preceding the issuance of the writ.

It appeared, that Shields died on the 25th April,
1830 ; and, that letters issued to the defendants, on
the 15th May, 1830.   The Court below sustained a
demurrer to this replication, and a judgment was
rendered for the defendants—from which Houpt
prosecuted his writ of error to this Court.

The cause was argued by *Porter*, for the plaintiff
in error, and by *Mr. Goldthwaite*, for the defendants.

For the plaintiff, it was contended, that the replication was good, because the plaintiff could not bring his action, until there were representatives of the estate; and, as nineteen days had elapsed before the grant of letters; and, as, during the ensuing six months, the administrators were exempt from suit, under the statute of 1806—these periods could not be embraced within the time relied on, as a bar, under the statute of limitations.—*Douglass* vs. *Forrest,* 4 Bing. 686; 1 M. & P. 663; *Hutchison, Ex'or* vs. *Tolls,* 2 Porter, 44. That, no fault was in the plaintiff, in as much as there was no person to sue.—*Joliffe* vs. *Pitt,* 2 Vern. 694; *Webster* vs. *Webster,* 10 Ves. 93.

HITCHCOCK, J.—This case is reversed and remanded, it being considered by the Court to come within the principles of the decision of this Court, in the ꜱ2Porter44 case of *Hutchison, Ex'or* vs. *Tolls.*[a]